UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TOMAS ZAVALIDROGA, and
MARGARET ZAVALIDROGA,

                              Plaintiffs,

                                                          Case No. 6:14-CV-1273
v.                                                              (GTS/TWD)

ONEIDA CNTY. DEP'T OF ADULT PROTECT.
SERVS.; KRISTEN PALMER, an Oneida Cnty.
Soc. Servs. Employee; CAROLA SEIDER-
ZAVALIDROGRA, individually; JON
ZAVALIDROGA, individually; and VICTOR
ZAVALIDROGA, individually;

                              Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

TOMAS ZAVALIDROGA
  Plaintiff, *Pro Se*
P.O. General Delivery
Old Forge, New York 13420

MARGARET ZAVALIDROGA
  Plaintiff, *Pro Se*

GLENN T. SUDDABY, Chief United States District Judge

## <u>DECISION and ORDER</u>

Currently before the Court, in this *pro se* civil rights action filed by Tomas Zavalidroga

individually and on behalf of his mother, Margaret Zavalidroga ("Plaintiffs") against the above-

captioned county department, county department employee and three individuals ("Defendants")

pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, are (1) United States Magistrate Judge Thérèse

Wiley Dancks' Order and Report-Recommendation denying Plaintiffs' third motion for the

appointment of counsel without prejudice and recommending that Plaintiffs' Complaint be

dismissed without prejudice based on the *Younger* abstention doctrine, and (2) Plaintiffs'

Objection to the Order and Report-Recommendation.  (Dkt. Nos. 23, 26.)  For the reasons set

forth below, Magistrate Judge Dancks' Order is affirmed, her Report-Recommendation is

accepted and adopted in its entirety, and Plaintiffs' Complaint is dismissed without prejudice.

## I.    RELEVANT BACKGROUND

Liberally construed, Plaintiffs' Objection asserts five specific challenges to Magistrate

Judge Dancks' Order and Report-Recommendation: (1) that Magistrate Judge Dancks should

have appointed counsel to Plaintiffs before recommending dismissal; (2) that federal courts

should apply the *Younger* abstention doctrine only in exceptional circumstances, none of which

are present in this action; (3) that, at the time Plaintiff Tomas Zavalidroga filed this action, he

had a valid power of attorney over Plaintiff Margaret Zavalidroga's affairs (which permitted him

to conduct litigation on her behalf), and the Complaint should survive the state court judgment

terminating that power of attorney because the state court judgment does not deprive the Court

of jurisdiction over the Complaint; (4) that Magistrate Judge Dancks erred when she found that

the Complaint is inadequate under *Twombly* and *Iqbal*, because many of the allegations in the

Complaint "are based on sworn statements made by Defendants and their privies"; and (5) that

Magistrate Judge Dancks should have granted Plaintiffs an opportunity to amend their Complaint

before recommending dismissal.  (*See generally* Dkt. No. 26.)

## II.    GOVERNING LEGAL STANDARDS

### A.    Legal Standard Governing Appeal from Non-Dispositive Order

"When considering an appeal from a magistrate judge's ruling on a non-dispositive

matter, a district court will modify or set aside any portion of the magistrate judge's ruling that it

finds to be 'clearly erroneous or contrary to law.'" *Aquastore, Inc. v. Pelseal Techn., LLC*, 06-CV-0093, 2010 WL 610685, at *2 (N.D.N.Y. Feb. 17, 2010) (Scullin, J.) (quoting 28 U.S.C. § 636[b][1][A]; Fed. R. Civ. P. 72[a]). A finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp.2d 70, 74 (N.D.N.Y. 2000) (Scullin, J.).

### B.     Legal Standard Governing Review of Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first

---

[1]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the

---

[2]       *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]

Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

After carefully reviewing the relevant papers herein, the Court can find no clear error or misapplication of law in Magistrate Judge Dancks' Order. As a result, the Order is affirmed in its entirety for the reasons stated therein. To those reasons, the Court adds only that it denies

---

[3]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Plaintiffs' third motion for the appointment of counsel for the alternative reason that, based on a balancing of the factors set forth in Magistrate Judge Dancks' Decision and Order of May 19, 2015, Plaintiffs' third motion for the appointment of counsel fails to show cause for the same reasons that their second motion for the appointment of counsel fails to show cause. (Dkt. No. 14.)

For example, a review of the file in this matter reveals that the issues in dispute herein are not readily apparent to be overly complex, and it is not clear that Plaintiffs have pled a viable cause of action. While it is possible that there would be conflicting evidence implicating the need for cross-examination at the time of any trial of this matter, as is the case in many actions brought by *pro se* litigants, this factor alone is not determinative of a motion for appointment of counsel. Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. The Court therefore finds that, based upon the existing record in this case, appointment of counsel is unwarranted.

Turning to Magistrate Judge Dancks' Report-Recommendation, after carefully reviewing the relevant papers herein, the Court can find no error in those parts of the Report-Recommendation to which Plaintiffs specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds only four points.

First, with regard to the second objection described above in Part I of this Decision and Order (i.e., regarding the *Younger* abstention doctrine), Plaintiff Tomas Zavalidroga does not, in

Plaintiffs' Objection, retract his prior concession that there exists a pending state court proceeding. (*Compare* Dkt. No. 11 *with* Dkt. No. 26.) Moreover, Magistrate Judge Dancks specifically (and correctly) found that no facts have been alleged plausibly suggesting the existence of an exception to the *Younger* abstention doctrine in the circumstances. (Dkt. No. 23, at 12-13.)

Second, with regard to the third objection described above in Part I of this Decision and Order (i.e., regarding the deprivation of the Court's jurisdiction based on the issuance of a state court judgment), Magistrate Judge Dancks did not recommend dismissal based on the *issuance* of a state court *judgment* but the *pendency* of a state court *proceeding*. (Dkt. No. 23, at 11-13.)

Third, with regard to the fourth objection described above in Part I of this Decision and Order (i.e., regarding the asserted inapplicability of the pleading standard set forth in *Twombly* and *Iqbal* where the allegations "are based on sworn statements made by Defendants and their privies"), Plaintiffs are incorrect that the pleading standard set forth in *Twombly* and *Iqbal* does not apply where the allegations are based on sworn statements.

Fourth, and finally, with regard to the fifth objection described above in Part I of this Decision and Order (i.e., regarding an opportunity to amend the Complaint), for the sake of brevity the Court will not linger on the fact that (1) Plaintiff Margaret Zavalidroga was previously given an opportunity to amend (Dkt. No. 6), and (2) an opportunity to amend need not be given to Plaintiff Tomas Zavalidroga because better pleading will not cure the defect in his causes of action (Dkt. No. 23, at 7). This is because just as important, under the circumstances, is the fact that Plaintiff Tomas Zavalidroga has filed no motion to amend his Complaint and no proposed Amended Complaint, as required by Local Rule 7.1(a)(4) of the District's Local Rules

of Practice. (Dkt. No. 26.) The Court notes that, on October 20, 2014, he received a courtesy copy of the District's Local Rules of Practice and *Pro Se* Manual, both of which advised him of those requirements. (Dkt. No. 4.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Order (Dkt. No. 23) is **AFFIRMED**; and it is further

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 23) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED** without prejudice.

Dated: December 18, 2015
       Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge